IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-62568-CIV-BLOOM/VALLE

ILEANA R. ROUSSEAU,

    Plaintiff,

vs.

GREEN TREE SERVICING, LLC.,
A Minnesota Limited Liability Company.

_____/

**PLAINTIFF ILEANA ROUSSEAU'S OPPOSITION TO DEFENDANT GREEN TREE SERVICING LLC'S MOTION TO DIMISS COUNT II OF PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

    Plaintiff Ileana Rousseau, by and through undersigned counsel, hereby serves her Opposition to the Rule 12(b)(6) motion filed by Defendant Green Tree Servicing LLC (hereinafter "Green Tree") seeking dismissal of Count II of Plaintiff's Complaint asserting a cause of action for negligence. This particular claim is before the Court pursuant to its diversity and supplemental jurisdiction, and is therefore controlled by Florida law. Green Tree's exceptionally short Rule 12(b)(6) motion fundamentally mischaracterizes the legal relationship between the parties, asserting that Plaintiff is precluded from pursuing tort claims and may only bring tort claims. However, there isn't even a contract between Plaintiff and Green Tree.

    To the extent that Green Tree cites any authority, that authority is inapposite and readily distinguishable because Green Tree's cases arise under different states' law, and turn upon the application of those states' version of the economic loss rule.  But the Florida Supreme Court has recently expressly abrogated the economic loss rule, except in the products liability context.

Accordingly, the other states' law that Green Tree cites is now materially different from Florida law.

Green Tree also takes an untenably expansive view of the scope of preemption under the Real Estate Settlement Procedures Act (RESPA), asserting that it operates to preclude Plaintiff's tort claims because Florida law permits the recovery of punitive damages. Green Tree's argument cannot be reconciled with the express anti-preemption provisions of RESPA which only allow preemption when state and federal law are inconsistent. Green Tree's related assertion that the fact that Florida tort law permits the recovery of punitive damages gives rise to an inconsistency is readily refuted by on-point United States Supreme Court precedent.

Lastly, Green Tree's unsupported and conclusory assertion Plaintiff may not assert a cause of action for negligence based on the breach of a duty established RESPA and its implementing Regulation X is inconsistent with settled Florida law holding that federal statutes and regulations do give rise to a duty, the breach of which is actionable under a negligence per se theory. In short, all of Green Tree's arguments lack merit and its Rule 12(b)(6) motion should be denied in its entirety.

### I. BECAUSE THERE IS NO CONTRACT BETWEEN PLAINTIFF AND GREEN TREE, THERE IS NO LOGICA REASON WHY PLAINTIFF SHOULD BE LIMITED TO CONTRACTUAL CLAIMS AND REMEDIES

Relying entirely upon defense counsel's abbreviated and conclusory argument, as well as two parenthetical citations to federal district court decisions from Ohio and Alabama, Green Tree insists that "a claim that a mortgage loan servicer has negligently serviced or administered a loan is an action in contract and not a tort action, as any duties that the mortgage loan servicer has arise out of a contract, from the framework of the loan agreement." (D.E. 12, p. 2). Green Tree's argument fundamentally mischaracterizes the legal relationship between the parties, and

legal basis for its corresponding duty.  There is no contract between Green Tree and Plaintiff.  Furthermore, the duties that Green Tree breach are imposed by RESPA and Regulation X, *not* the loan agreement.

Plaintiff expressly alleges in that it is not a party to any contract with Green Tree and that there is no debtor creditor relationship between Plaintiff and Green Tree. (D.E. 1, ¶.4). At the motion to dismiss stage, this Court must accept these allegations as true. *See E.g.  Franklin v. Minnesota Mutual Life Ins. Co.,* 97 F.Supp.2d 1324, 1326 (S.D. Fla. 2000) citing *Hunnings v. Texaco, Inc.,* 29 F.3d 1480, 1483 (11th Cir.1994).

While those unfamiliar with the finer points of the mortgage industry are generally not aware of the distinction, a mortgage servicer is frequently an entirely separate entity from a mortgagee or "lender."  Accordingly, both the legal relationship and the business relationship between a borrower and servicer are materially different from then legal and business relationship between the borrower and the mortgagee.  As discussed in Paragraph 11 of Plaintiff's Complaint (D.E. 1., p. 4-5), the Consumer Financial Protection Bureau has noted that "servicers act primarily as payment collectors and processors, and will have limited incentives to provide other customer services." (D.E. 1, p.5).  Furthermore, "[s]ervices are generally not subject to market discipline from consumers because consumers have little opportunity to switch services." (D.E. 1, p.5).

At least three different judges in this district have recently recognized that a mortgage servicer is not a party to the mortgage contracts. See *Wynkoop v. Wells Fargo Home Mortgage Corp.* 2011 WL 2078005 *4 (S.D. Fla. May 26th, 2011)(Docket Number No. 11–60392–CV) *Williams v. Wells Fargo Bank, N.A.,* No. 11–21233–CIV, 2011 WL 4901346 (S.D.Fla. Oct. 14, 2011)(Altonaga, J.),*Omega v. Deutsche Bank Trust Co. America's,* 920 F.Supp.2d 1298,  1300

(S.D. Fla. 2013)(Cohn, J.), and *Hamid v. Ocwen Loan Servicing*, *LLC*. 2014 WL 766659 (S.D. Fla. February 26th, 2014)(Case No. 13-cv-62821)(Zloch, J.). *Williams*, *Omega*, and *Hamid*, all find that a mortgage servicer cannot enforce the contractual jury trial waiver provisions found in standard mortgage documents because the servicer is not a party to the contracts.

Based largely on the fact that the servicer is not a party to the mortgage contract, *Wynkoop* rejects the same essential argument that Green Tree makes here. Thus, *Wynkoop* declines to dismiss the borrower/plaintiff's Florida negligence claims founded upon a duty established by RESPA. At the time that case was decided, Florida still observed the economic loss rule. Nevertheless, *Wykoop* concludes that the economic loss rule did not operate to protect the mortgage servicer defendant from tort liability in that case. *Wynkoop* cites *Indemnity Ins. Co. of N. Am. v. Am. Aviation, Inc.,* 891 So.2d 532, 536 (Fla.2004), where the Florida Supreme Court explained that "[t]he prohibition against tort actions to recover solely economic damages for those in contractual privity is designed to prevent parties to a contract from circumventing the allocation of losses set forth in the contract by bringing an action for economic loss in tort." Thus, *Wynkoop* concludes that the contract based limitations on tort actions that Florida law once recognized do not apply to a mortgage contract that was "… not subject to negotiation nor even entered into by Defendant [mortgage servicer]." *Id.* at *3. Stated differently, because the mortgage servicer in *Wynkoop* was not in privity of contract with the borrower, Florida's contractual privity economic loss rule would not protect a mortgage servicer from tort claims.

The same considerations are present in the case bar. Plaintiff did not choose to do business with Green Tree. There is no contract between Plaintiff and Green Tree, and therefore no "agreed upon allocation of loses" that Plaintiff could potentially circumvent through the present tort action. Furthermore, *Wynkoop* is not the only federal district court decision

permitting a borrower to pursue as state law negligence claim based upon a duty established by RESPA.  The same result can be found in  *Rawlings v. Dovenmuehle Mortgage Inc.,* 64 F.Supp.2d 1156, 1167 (M.D. Ala. 1999); *Sarsfield v. Citimortgage*, 667 F.Supp.2d 461, 469 (M.D. PA. 2009)[1], *Baehl v. Bank of America N.A.,*  2013 WL 1319635 *13 (S.D. Ind. March 29th, 2013) (Docket Number 3:12–cv–00029–RLY–WGH; and  *Bojorquez v. Gutierrez*, 2010 WL 1223144 * 11  (N.D. CA. March 25th, 2010)  (Docket Number C 09–03684 SI).

Judge Cohn's well-reasoned analysis in *Wynkoop* is only strengthened by the Florida Supreme Court's recent decision in *Tiara Condominium Ass'n, Inc. v. Marsh & McLennan Co., Inc.*, 110 So. 3d 399, 402 (Fla. 2013) expressly abrogating the economic loss rule in all contexts except for products liability.

Importantly, when it abrogated the contractual privity economic loss rule in *Tiara Towers*, the Florida Supreme Court disapproved its "legacy of unprincipled extension" 110 So.3d at 406-407.  Here, Green Tree asks this Court to not only revive the contractual privity economic loss rule, but to extend its protections to a mortgage servicer that is not even in privity of contract with the borrower.  Of course, as a federal court sitting in diversity, this Court is bound by Florida Supreme Court precedent, and therefore must decline Green Tree's invitation.

### II.  THE TWO CASES THAT GREEN TREE RELIES UPON ARE BASED ON DIFFERENT STATES' VERSION OF THE ECONOMIC LOSS DOCTRINE, BUT THE FLORIDA SUPREME COURT HAS EXPRESSLY ABROGATED THE ECONOMIC LOSS DOCTRINE IN ALL CONTEXTS EXCEPT FOR PRODUCTS LIABILITY CLAIMS

Green Tree wholly fails to address, much less distinguish, *Wynkoop*, or even to cite any Florida authority whatsoever.  Instead, Green Tree's argument is based on nothing more than

---

[1] The *Sarsfield* Court ultimately held that the Pennsylvania tort claims in that case were barred by a state law doctrine similar to the economic loss rule. *Sarsfield v. Citimortgage*, 707 F.Supp.2d 546, 553 (M.D. PA. 2010).   But as discussed above, Florida no longer recognizes the economic loss doctrine in any context other than products liability.

parenthetical citations to federal district court decisions in *Ogle v. BAC Home Loan Servicing LP*, 924 F.Supp.2d 902, 914 (S.D. Ohio 2013) and *Quinn v. Deutsche Bank National Trust Co.*, 2014 977632 *6 (S.D. Ala. March 12, 2014).   Those cases are readily distinguishable because they were expressly decided under the law Ohio and Alabama.  Indeed, *Ogle* expressly states that "under Ohio law, the existence of a contract action generally excludes the opportunity to present the same case as a tort claim." *Id*. at 914 citing *Wolfe v. Continental Cas. Co.,* 647 F.2d 705, 710 (6th Cir.1981). Similarly, *Quinn* notes that "… Alabama law does not recognize a cause of action for negligent or wanton servicing of a mortgage that results in economic damages. *Id.* at *6 citing *See Wallace v. SunTrust Mortg., Inc.,* ⎯⎯ F.Supp.2d ⎯⎯, 2013 WL 5422799, *9 (S.D.Ala. Sept. 26, 2013).  Notably, there appears to be some dispute concerning *Quinn's* view of Alabama law, because as noted above, *Rawlings v. Dovenmuehle Mortgage Inc.,* 64 F.Supp.2d 1156, 1167 (M.D. Ala. 1999) reaches the oppose conclusion.

Nevertheless, Ohio and Alabama law are simply immaterial to the Florida negligence claim in this case.  The decisions that Green Tree relies upon are plainly based on doctrines found in these states' common law that arguably preclude tort claims for economic damages, and may (or may not) apply to non-contracting parties.  But Florida has expressly abrogated its own version of this doctrine.  Furthermore, even before Florida abrogated its contractual privity economic loss rule, as explained in *Wynkoop*, Florida's contractual privity economic loss rule would not benefit a mortgage servicer that was not in contractual privity with the borrower.  Having chosen to engage in business in Florida, Green Tree cannot reasonably ask this Court to adopt the law of other jurisdictions simply to reach a result that would benefit Green Tree.

### III.   THERE IS NOTHING IN RESPA CAN THAT BE CONSTRUED TO AS PROTECTING MORTGAGE SERVICERS FROM REMEDIES AUTHORIZED BY STATE TORT LAW

Relying entirely on confusing rhetoric without any citation to authority, Green Tree insists that the fact that RESPA *does not* permit the recovery of punitive damages, and also that it *does* permit the recovery of statutory damages in a case of pattern and practice of non-compliance, somehow justifies dismissal of Plaintiff's negligence claim.  But Green Tree's argument is illogical.  The fact that a federal statute authorizes different remedies than state common law simply does not render Plaintiff's state law claim legally insufficient.

Although it is not clear whether Green Tree is attempting to offer a preemption argument, Green Tree does cite the anti-preemption provision of RESPA found 12 U.S.C. § 2616.  (D.E. 12, p.3). However, the full statutory text is hardly support of Green Tree's position. That section is entitled "State laws unaffected; inconsistent Federal and State provisions", and expressly provides that:

> [t]his chapter does not annul, alter, or affect, or exempt any person subject to the provisions of this chapter from complying with, the laws of any State with respect to settlement practices, except to the extent that those laws are inconsistent with any provision of this chapter, and then only to the extent of the inconsistency.

> *Id.*

Green Tree appears to argue that because state law permits the recovery of punitive damages, that gives rise to an "inconsistency" between Florida law and federal law justifying preemption.  Green Tree is wrong.  As the United States Supreme Court explained in *Silkwood v. Kerr-McGhee*, 104 S.Ct. 615, 621; 464 U.S. 238,248; 78 L.Ed.2d 443 (1984)

> [i]f Congress has not entirely displaced state regulation over the matter in question, state law is still preempted to the extent it actually conflicts with federal law, that is, when it is impossible to

> comply with both state and federal law, *Florida Lime & Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 142–143, 83 S.Ct. 1210, 1217–1218, 10 L.Ed.2d 248 (1963), or where the state law stands as an obstacle to the accomplishment of the full purposes and objectives of Congress, *Hines v. Davidowitz,* 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1941). *Pacific Gas & Electric, supra,* at ——, 103 S.Ct., at 1722.

Here, the fact that a mortgage servicer's violation of its duties under RESPA may also result in the application of punitive damage under Florida law certainly does not make it impossible for the mortgage servicer to comply with both state and federal law. A mortgage servicer could avoid any sanction authorized by either RESPA or Florida law, simply by discharging its statutory and regulatory duties.

Similarly, one of the fundamental purposes behind punitive damages is to deter future violations by the tortfeasor. Thus, the existence of an enhanced deterrent under Florida law plainly would not give rise to any "obstacle to the accomplishment of the full purposes and objectives of Congress." To the contrary, it would only further advance those Congressional objectives.

Moreover, the United States Supreme Court held in *Silkwood,* that the availability of punitive damages under state law did not impair the federal regulatory scheme governing the nuclear power industry. This only further belies Green Tree's position that the availability of punitive damages under state law is somehow inconsistent with RESPA.

In addition, "Congress intended RESPA to serve a consumer protection purpose." *Medrano v. Flagstar Bank FSB*, 704 F.3d 661, 665-666 (9th Cir. 2012). "Accordingly, RESPA's provisions relating to loan servicing procedures should be 'construed liberally' to serve the statute's remedial purpose." *Id*. But Green Tree's request that the Court read an implied intent to limit state tort remedies available to consumers who have been injured by mortgage servicer

misconduct is certainly not consistent with RESPA's consumer protection objective.  Obviously, Green Tree's proposed construction would only benefit mortgage servicers at the consumers' expense.

Notably, the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et. seq.* is another federal consumer protection statute.  But unlike RESPA, the FCRA contains provisions that significantly preempt state law (15 U.S.C.§ 1681t) , as well as its own punitive damage provision 15 U.S.C.§ 1681n(a)(2).  In the case of the FCRA, the fact that Congress chose to both significantly preempt state remedies, and also expressly permit the recovery of punitive damages in some circumstances, demonstrates that Congress is perfectly capable of limiting the recovery of punitive damages arising at the intersection of state and federal law when it believes that to be appropriate.  Plaintiff respectfully submits that Congress's inclusion of statutory provisions regarding both broader preemption and punitive damages in the FCRA provides further evidence that Congress had no intention to do so *sub silentio* limit punitive damages available under state law for tort claims related to RESPA.

### IV.  IT IS WELL SETTLED THAT THE BREACH OF DUTIES ESTABLISHED BY FEDERAL STATUTES AND REGULATIONS WILL GIVE RISE TO A FLORIDA NEGLIGENCE CLAIM

Relying once again upon its conclusory rhetoric,  Green Tree insists that "Plaintiff though cannot assert a negligence claim based solely on Green Tree's alleged failure to comply with its statutory obligations under 12 U.S.C. § 2605."  But contrary to Green Tree's unsupported argument, there is ample Florida authority, in addition to *Wykoop*, for the proposition that Green Tree's violation of  its federal statutory and regulatory duties *does* give rise to a claim for negligence per se under Florida law.

The Florida Supreme Court has repeatedly recognized that a common law duty can arise from administrative regulations as well as statutes. *See Clay Elec Cooperative v. Johnson, 873 So.2d 1182, 1185 (Fla. 2004)* citing *McCain v. Fla. Power Corp.,* 593 So.2d 500, 503 n. 2 (Fla.1992). Florida courts have applied this rule to federal administrative regulations. *See E.g. Florida Freight Terminals Inc. v. Cabanas*, 354 So.2d 1222, 1225 (Fla. 3d DCA 1978). Thus, the error resolution procedures implementing RESPA found in Regulation X (12. C.F.R. §1024.35) also impose a duty upon Green Tree that gives rise to a negligence per se claim when violated. Similarly, the United States Supreme Court has observed that "[t]he violation of federal statutes and regulations is commonly given negligence per se effect in state tort proceedings." *Grable and Sons Metal Products v. Darue Engineering and Mfg.,* 545 U.S. 308, 318-319;125 S.Ct. 2363, 2370 (2005)  citing Restatement (Third) of Torts § 14, Reporters' Note, Comment *a,* p. 195 (Tent.Draft No. 1, Mar. 28, 2001). See also W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Law of Torts § 36, p. 221, n. 9 (5th ed. 1984).

Furthermore, As the Eleventh Circuit has explained, a negligence per-se claim is appropriate under Florida law where there is a violation of statute that establishes a duty to take precautions to protect a particular class of persons. *See Liese v. Indian River County Hosp. Dist.,* 701 F.3d 334, 353 (11th Cir. 2012)  citing *deJesus v. Seaboard Coast Line R.R. Co.,* 281 So.2d 198, 200–01 (Fla.1973). RESPA is a consumer protection statute. *See E.g. Medrano v. Flagstar Bank FSB*,  704 F.3d 661, 665-666 (9th Cir. 2012). The error resolution procedure is clearly designed to protect borrowers who believe that their mortgage servicer has mishandled their account. It is therefore clear beyond reasonable dispute that Plaintiffs are members of the class that the statute is intended to protect. Moreover, as discussed above, in addition to *Wynkoop*,

*Rawlings*, *Sarsfield, Baehl,* and *Bojorquez* also find that the breach of a duty imposed by RESPA, gives rise to a state law negligence claim.

## CONCLUSION

In summary, Green Tree's request that the Court dismiss Plaintiff's negligence claim is not supported by any relevant authority or logical argument. To the contrary, there is ample authority that Green Tree's breach of its duties under RESPA and its implementing Regulation X gives rise to a Florida law claim for negligence. Similarly, there is no basis whatsoever for this Court to read some implied preemption or other provision limiting mortgage servicer liability under state law into RESPA. Accordingly, the Court should deny Green Tree's Rule 12(b)(6) motion in its entirety.

Respectfully submitted,

THE LAW OFFICES OF JEFFREY N. GOLANT, P.A
1000 W. McNAB RD. STE. 150
POMPANO BEACH, FL 33069
Phone: (954) 942-5270
Fax: (954) 942-5272
Email: jgolant@jeffreygolantlaw.com
By: **/S/ JEFFREY N. GOLANT ESQ.**
Fla. Bar. No. 0707732
Counsel for Plaintiff Ileana Rousseau

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Plaintiff's Response in Opposition to Defendant Green Tree Servicing's Motion to Dismiss Count II Of Plaintiff's Complaint and Incorporated Memorandum of Law was filed using CM/ECF on March 26th, 2015 and served via Notice of Electronic Filing generated by the CM/ECF system on March 26th, 2015 upon all counsel of record identified below.

John W. Bustard ESQ.
Shutts & Bowen
201 S Biscayne Boulevard
Suite 1500 Miami Center
Miami, FL 33131
305-358-6300
Fax: 381-9982
Email: jbustard@shutts.com
Counsel for GreenTree Loan Servicing

                                                        **/S/  Jeffrey Golant**