UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-62568-CIV-BLOOM/VALLE

**ILEANA R. ROUSSEAU**,

 Plaintiff,

v.

**GREEN TREE SERVICING, LLC**,

 Defendant.

_____/

### ORDER

**THIS CAUSE** came before the Court on Defendant's Motion to Dismiss Count II of Plaintiff's Complaint, ECF No. [12]. The Court is fully advised after careful review of the Motion, the parties' briefs, the record, and the applicable law.

 **I.** **Background**

 Plaintiff filed the Complaint, ECF No. [1], in the instant action on November 12, 2014—seeking monetary damages under one count of a violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C § 2601 *et seq.*, and one count of negligence under Florida law. Plaintiff alleges that she obtained a mortgage from Countrywide Home Loans, Inc., which was sold through the secondary mortgage market. Plaintiff alleges that her mortgage belongs to a secondary market participant and is a federally regulated mortgage loan. Plaintiff alleges that Defendant currently services Plaintiff's mortgage loan and, thus, Plaintiff's mortgage does not belong to Defendant and Plaintiff and Defendant do not have a debtor/creditor relationship.

 Plaintiff alleges that on or about August 6, 2014, Plaintiff, through counsel, sent Defendant a letter notifying Defendant of errors regarding Plaintiff's mortgage loan account. Plaintiff alleges this letter "expressly invoke[d] the recently amended error resolution procedures

established by RESPA and Regulation X (12 C.F.R. § 1024.35)." ECF No. [1] at 3. Plaintiff alleges "[t]hat letter also requested information relating to the servicing of the loan and specifically invoked Regulation X's related procedures for requesting information in connection with the servicing of the loan." *Id.* Plaintiff alleges that on or about September 19, 2014, Defendant responded with a request for a fifteen day extension, in order to investigate and respond to Plaintiff's inquiry. According to the Complaint, Defendant did not respond further. Plaintiff has attached the letter and the response to the Complaint. *See* ECF Nos. [1-1], [1-2].

Plaintiff also alleges that her attorney is representing another borrower who sent Defendant inquiries and, similarly, did not receive substantive responses. *See* ECF No. [1] at 7 ("In summary, two different borrowers have submitted a total of three requests, and Green Tree has failed to substantively respond to any of them."). Plaintiff alleges "[t]his suggests systemic deficiencies within Green Tree . . . [and] Green Tree's failure to comply with Plaintiff['s] RESPA/Regulation X request is not an isolated incident, but rather a pattern and practice of non-compliance." *Id.* at 8.

> As for damages, Plaintiff alleges that her damages:
>
> include the misapplied funds, additional unwarranted finance charges flowing from the errors, costs associated with preparing and sending Plaintiff's Qualified Written Request/Notice of Error, the cost of legal services associated with the anticipated future foreclosure, and emotional distress. As a result of Green Tree's violation of the information request procedures, Plaintiff has been denied access to information necessary to evaluate how much, if anything, she owes to cure the delinquency that Green Tree asserts. As a result, Borrower will be subjected to additional default related charges, and will likely incur legal fees in pursuing this information either through this action, a foreclosure action, or both of them. Similarly, the costs she expended, including the costs of certified mail, in attempting to invoke the RESPA/Regulation X error resolution procedures came to naught, and therefore are also recoverable damages under RESPA.

*Id.* at 6. Plaintiff's negligence count also seeks punitive damages. *See id.* at 8.

## II. Legal Standard

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. See *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002). While the Court is required to accept all of the allegations contained in the complaint and exhibits attached to the pleadings as true, this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) ("When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto.") (internal quotation marks omitted).

### III. Discussion

Defendant moves to dismiss Count II of Plaintiff's Complaint (the "negligence count") with prejudice because "a claim that a mortgage loan servicer has negligently serviced or administrated a loan is an action in contract and not a tort action, as the duties the mortgage loan servicer has arises out of contract, from the framework of the loan agreement." ECF No. [12] at 2 (citing *Ogle v. BAC Home Loans Servicing LP*, 924 F. Supp. 2d 902, 914 (S.D. Ohio 2013); *Quinn v. Deutsche Bank Nat'l Tr. Co.*, 2014 WL 977632, at *6 (S.D. Ala. Mar. 12, 2014)). Defendant characterizes Plaintiff's negligence count as "nothing more than a transparent attempt to avoid the limited amount of statutory damages that Plaintiff can recover under RESPA for Green Tree's alleged violation of that statute." *Id.* (citing 12 U.S.C. § 2605(f)(1)(B) ("in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000").

Relying on *Wynkoop v. Wells Fargo Home Mortgage, Inc.*, No. 11-60392-CV, 2011 WL 2078005 (S.D. Fla. May 26, 2011), Plaintiff argues that because "[t]here is no contract between Plaintiff and Green Tree and, thus, no agreed upon allocation of los[s]es", Plaintiff's negligence count does not "potentially circumvent" them. ECF No. [21] at 4. Plaintiff also argues that the abrogation of the "contractual privity economic loss rule" in Florida means that tort claims for economic damages are no longer precluded. *See id.* at 4, 6 (citing *Tiara Condominium Ass'n, Inc. v. Marsh & McLennan Co., Inc.*, 110 So. 3d 399, 402 (Fla. 2013)).

In *Wynkoop*, the defendant, a mortgage servicer, moved under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint by a mortgagee containing three counts—a RESPA violation, a negligence claim, and a breach of contract claim—after the mortgage servicer allegedly failed to timely pay insurance premiums and taxes. The defendant argued that the economic loss rule barred the

4

negligence claim because the damages arose from a written contract. Rejecting that argument and denying the motion to dismiss as to the plaintiff's negligence claim, the court reasoned that "[a]s the underlying agreement that Defendant contends precludes the tort claim was not subject to negotiation nor even entered into by Defendant, the principle behind Florida's economic loss rule does not apply." *Wynkoop*, 2011 WL 2078005, at *3. Here, as in *Wynkoop*, the principle behind Florida's economic loss rule does not apply. As such, the abrogation of that principle is immaterial.

Defendant brings the Court's attention to another case decided since the Florida Supreme Court decided *Tiara*, which the Court finds instructive: *Burdick v. Bank of Am., N.A*, __ F. Supp. 3d. __, 2015 WL 1780982 (S.D. Fla. 2015). In *Burdick*, Green Tree serviced the mortgage of the plaintiff (which Bank of America formerly serviced), who sued after Green Tree allegedly wrongfully force-placed insurance on the mortgaged property, and allegedly failed to adequately investigate and respond to the plaintiff's qualified written request under RESPA. Dismissing the negligence claim, the court held that Green Tree's duty to properly service the plaintiff's mortgage arose from the mortgage contract and promissory note and, as such, the plaintiff's negligence claim failed to allege any negligence "'independent of any breach of contract claim' as Florida law requires." *Id.* at *4 (citing *Tiara Condominium Ass'n, Inc.*, 11 So. 3d at 408 (Pariente, J., concurring)). As to the issue of privity, the court held that with respect to allegedly improper forced placement of insurance, courts have found that plaintiffs have properly stated a claim for breach of contract "regardless of whether the mortgage servicer is a signatory to the contract, so long as Plaintiff has assented to the mortgage holder's ability to employ a new servicer governed by the same duties set forth in the original mortgage contract." *Id.* (citing *Blake v. Bank of Am., N.A.*, 845 F. Supp. 2d 1206, 1211-12 (S.D. Ala. 2012)).

Here, as in *Burdick*, Plaintiff has assented to the employment of a new servicer governed by the same duties set forth in the original mortgage contract. *See* ECF No. [26-2] at 10 ("If the note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.").[1]  Furthermore, some of Plaintiff's complained-of damages do not stem from the failure to respond to Plaintiff's letter but are, instead, the result of the underlying error itself. *Compare* ECF No. [1] at 6 ("the misapplied funds, additional unwarranted finance charges flowing from the errors"), *with* ECF No. [1-1] at 3 ("we ask that you correct this error and apply that payment correctly and unwind all finance charges and fees that flow from that error").  These facts persuade the Court that Plaintiff's negligence claim, as in *Burdick*, arises from Defendant's duty to properly service Plaintiff's mortgage, which arises from the mortgage contract and promissory note.  As such, Plaintiff's negligence claim fails to allege any negligence "independent of any breach of contract claim," as Florida law requires. *Tiara Condominium Ass'n, Inc.*, 11 So. 3d at 408 (Pariente, J., concurring)).  Plaintiff's negligence count is, therefore, dismissed.

**IV.  Conclusion**

Being fully advised, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Count II of Plaintiff's Complaint, **ECF No. [12]**, is **GRANTED**.

---

[1] Consideration of a Rule 12(b)(6) motion is generally limited to the four corners of the complaint, as the Court must convert a motion to dismiss to a motion for summary judgment where "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(e). However, the "incorporation by reference" doctrine permits considerations of documents attached to a motion to dismiss "only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). Here, the Court finds conversion is not necessary to consider the mortgage contract because the contract is central to the claim, and no dispute exists.

CASE NO. 14-62568-CIV-BLOOM/VALLE

2. Count II of Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED**.

3. The parties shall continue to abide by the Court's Scheduling Order, ECF No. [20].

**DONE AND ORDERED** in Ft. Lauderdale, Florida, this 7th day of May, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record